```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

FRANCIS SHERMAN,                  )
                                  )
            Plaintiff,            )
                                  )
     v.                           )    C.A. No. 05-11337-RWZ
                                  )
LAHEY CLINIC,                     )
                                  )
            Defendant.            )
```

## MEMORANDUM AND ORDER

For the reasons stated below, the Court grants the plaintiff's application to proceed without prepayment of fees and directs the plaintiff to file a complaint within thirty-five days of the date of this order.

## BACKGROUND

On June 21, 2005, plaintiff Francis Sherman filed with this Court a civil cover sheet, category sheet, and an application to proceed without prepayment of the $250.00 fee assessed for commencing a civil action. The plaintiff has not filed a complaint. The application to proceed <u>in forma pauperis</u> shows that the plaintiff receives $482.00 per month in public assistance and has cash or savings in the amount of $325.00. The plaintiff does not report any other income or assets. On the civil cover sheet, the plaintiff indicates that the defendant in this action is the Lahey Clinic and that the plaintiff's cause of action is for a "violation of ADA rights."

DISCUSSION

I. Application to Proceed In Forma Pauperis

Because the plaintiff appears to lack the means to pay for the necessities of life and the $250.00 filing fee, the Court grants the application to proceed in forma pauperis.

II. Requirement of a Complaint to Commence a Civil Action

Although the Court authorizes the plaintiff to proceed in forma pauperis, Sherman must file a complaint to commence an action against the Lahey Clinic. The Federal Rules of Civil Procedure state that "a civil action is commenced by filing a complaint with the Court." Fed. R. Civ. P. 3. A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "This statement must 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Rivera v. Rhode Island, 402 F.3d 27, 33 (1st Cir. 2005) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "In a civil rights action ..., the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." Educadores Puertorriqueños en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004). Although "the requirements of Rule 8(a)(2) are minimal ... 'minimal requirements are not tantamount to nonexistent requirements.'" Id. (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)). The complaint must also include "a

short and plain statement of the grounds upon which the court's jurisdiction depends" and "a demand for judgment for the relief the pleader seeks."  Fed. R. Civ. P. 8(a)(1), (3).  A complaint may also contain a demand for a trial by jury.  See Fed. R. Civ. P. 38(b).

The plaintiff's reference in the civil cover sheet to the Americans with Disabilities Act does not satisfy the pleading requirements of Rule 8(a).  The Court will allow the plaintiff thirty-five days to file a complaint that meets the requirements of Rule 8(a).

## CONCLUSION

Based upon the foregoing, the Court (1) grants the plaintiff's application to proceed without prepayment of the filing fee; and (2) directs the plaintiff to file a civil complaint meeting the requirements of Rule 8(a) within thirty-five (35) days of the date of this Memorandum and Order; failure to file a complaint within this time period will result in the dismissal of the action without prejudice.

The Clerk shall provide the plaintiff with a copy of "Step by Step: A Simple Guide to Filing a Civil Action."

SO ORDERED.

| | |
|---|---|
| 7/1/05 | /s/ Rya W. Zobel |
| DATE | UNITED STATES DISTRICT JUDGE |